Paul Winnail, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 10, 1977, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*Paul F. Winnail,* petitioner, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Rogers, July 15, 1977:

Paul Winnail's claim for unemployment benefits was granted by the Bureau of Employment Security. His employer appealed the grant of benefits and a referee decided that Winnail was ineligible for benefits because he was discharged from his job for his

willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). The Unemployment Compensation Board of Review (Board) affirmed. It later, at Winnail's request, reconsidered its decision and ordered a rehearing. After the second hearing, the Board again denied benefits and again concluded, as did the referee who first heard the matter, that:

The claimant alleged that his pay for October, 1974, was improperly computed, and he went from one company official to another, finally ending up in the president's office. There he created a disturbance in front of several company officials, he was asked to leave but continued his argument. He was thereupon discharged for creating the disturbance and refusing to leave the office. His actions constitute a willful disregard of his employer's interests, and the discharge which followed renders him ineligible to receive benefits.

It is to be noted that the claimant did not introduce any credible evidence to support his contention that he was improperly paid. *The Board has resolved this and other discrepancies between his testimony and that of the employer in favor of the employer.* (Emphasis added.)

Winnail appeals the Board's decision which we affirm.

In the absence of fraud, the scope of our review in unemployment compensation cases is limited to questions of law and to whether the Board's findings are supported by the evidence on record. Questions of credibility and the weight to be given evidence are for the Board to determine. Furthermore, the party for whom the Board finds favorably is to be given the benefit of any inference which can be reasonably and logically drawn from the evidence. *Wilson v. Unem-*

*ployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 314, 325 A.2d 500 (1974).

In arriving at its conclusion that Winnail was discharged for willful misconduct, the Board made the following findings of fact:

1. Claimant was last employed as a Mechanical Design Engineer and Supervisor by the Master Engineering Company for about eight months at a final rate of $8.37 an hour and his last day of work was November 19, 1974.

2. The claimant was absent two weeks in October 1974 and was not paid during his absence.

3. The claimant was paid for 101 hours of work during October 1974.

4. The claimant believed he should have been paid for 120 hours of work.

5. On or about November 18, 1974 the claimant discussed the matter with several of the company officials, ending with the vice president.

6. The claimant then went to the president's office to discuss the matter and created a disturbance in front of several other officials who were also in the office.

7. The president asked the claimant to leave his office and when the claimant continued to argue his case, the president told him to get his things and leave the building.

8. The claimant was discharged for creating a disturbance in the president's office and refusing to leave when told to do so.

9. The employer later received information from the Pennsylvania Department of Labor and Industry that the claimant had been paid in accordance with the company's procedures and policies and no action would be taken by the department.

Winnail does not seriously contest any of the above findings of fact and the record clearly supports them. Winnail says, rather, that he had good cause for creating the disturbance which led to his discharge because he believed that he had not been paid his full wages. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976); *see also Crilly v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976). The wage issue, on which Winnail was wrong on the merits, did not, as the Board properly concluded, provide good cause for Winnail's serious misbehavior on the day of his discharge.

Accordingly, we enter the following

ORDER

AND Now, this 15th day of July, 1977, it is ordered that the appeal of Paul Winnail be and it is hereby dismissed and that the decision of the Unemployment Compensation Board of Review be and it is hereby affirmed.