Frank F. Zuraw, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Benjamin M. Clasky,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 11, 1981:

The petitioner, Frank R. Zuraw, has appealed from a decision of the Unemployment Compensation Board of Review affirming a referee's decision denying him benefits pursuant to Section 402(e)[1] of the Pennsylvania Unemployment Compensation Law (Law).

The petitioner was employed as a theatre manager by Cinemette, Inc., from July 5, 1978 until his discharge on July 20, 1979 for conduct occurring in the presence of female co-employees. Specifically, the petitioner was said to have hugged and touched certain

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

female employees and to have continued such unsolicited contact despite an order from his employer to cease and desist. Finally, when the petitioner abruptly removed his pants while alone with a female employee after inquiry as to whether she could sew, the employer decided to discharge him.

Section 402(e) of the Act controls in this case and provides that the petitioner shall be ineligible for benefits for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

The burden of establishing that the petitioner is not eligible to receive unemployment compensation because of willful misconduct is on the employer. *MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974). And, although "willful misconduct" is not defined in the Law, this Court has recognized it as constituting an act of wanton or willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employe, or negligence showing an intentional disregard of the employer's interest or the employe's duties and obligations to the employer. *MacFarlane v. Unemployment Compensation Board of Review, supra; Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973); *see also Parlavecchio v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 96, 427 A.2d 316 (1981).

The referee noted and the Board affirmed that, although the petitioner is naturally a friendly type of person, the incidents[2] for which he was discharged

---

[2] Generally, a single minor instance of misconduct does not amount to willful misconduct. *See, e.g., Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). In

went beyond mere friendliness or attentiveness and therefore constituted willful misconduct.

"It is now axiomatic in an unemployment compensation case that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977); *Kistler v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 465, 416 A.2d 594 (1980); *Schumacher v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 360, 388 A.2d 1104 (1978). It is true, however, that the legal conclusions drawn by the Board from its findings of fact are subject to judicial review. *Taylor v. Unemployment Compensation Board of Review, supra.* The question of law we address here, therefore, is whether or not the petitioner's actions as indicated by substantial evidence in the record taken as a whole would support a finding of willful misconduct, and we are satisfied that the Board's decision to deny compensation due to a finding of disregard of standards of behavior which the employer has the right to expect of his employe[3] was both appropriate and based upon substantial evidence in the record. *See Bender v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 405, 427 A.2d 1264 (1981).

We will affirm the denial of compensation.

## ORDER

AND NOW, this 11th day of September, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

the instant case, the record reveals that the petitioner engaged in a series of acts of misconduct.

[3] *I.e.*, willful misconduct.