John F. Connelly, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 11, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Richard L. Raymond, Schroeder, Jenkins & Raymond,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, September 10, 1982:

John F. Connelly, Jr. (claimant) asserts that he should not have been denied benefits by the Unemployment Compensation Board of Review (Board) which found that his unemployment was due to his own willful misconduct.[1]

The claimant was last employed by the Atlantic Richfield Company (employer) as a control room operator and was required to monitor and control

---

[1] Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

the temperature, flow, and pressure of furnace oil and gasoline. Any neglect or error in the performance of such duties could have caused explosions or fires and could also have endangered the safety of other employees. On the claimant's last day of work, when he allegedly misused a company radio, he was given a direct order by his immediate supervisor to report to the employer's dispensary to see the doctor. He refused to report as instructed. About one hour later his unit manager gave the same directive, which he similarly refused. When the labor relations representative of the employer became aware that the claimant still had not reported to the dispensary, he repeated the order to the claimant and once more the claimant refused. He was then suspended and later discharged.

It is well-settled that an employer bears the burden[2] of establishing willful misconduct and that, where such misconduct involves insubordination or the refusal to obey an employer's directive, the employee bears the burden of proving good cause[3] for his refusal. ''Good cause'' has been described as requiring a ''balanc[ing of] the reasonableness of the supervisor's directive against the reasonableness of [the claimant's] refusal.'' *Patterson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 53, 57, 430 A.2d 1011, 1014 (1981).

The claimant argues that his actions here did not constitute willful misconduct and that the findings

---

[2] *Zuraw v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 548, 434 A.2d 1312 (1981). Our scope of review in this matter is limited to whether or not an error of law was committed by the Board or any necessary findings were made without substantial evidence being in the record. *Id.*

[3] *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979).

of the Board are not supported by substantial evidence because the employer's sole witness admittedly had no personal knowledge of the alleged willful misconduct.

We have previously recognized that where hearsay evidence has been admitted without objection, it will be given its natural probative effect and may support the Board's findings only if it is corroborated by any competent evidence in the record. *Maxwell v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980). Here, the record discloses that the claimant personally admitted at the referee's hearing that he had refused three times to comply with his employer's order, and, inasmuch as such admission constitutes competent corroborative evidence, his hearsay challenge must fail.

In view of the inherently dangerous endeavor involved here and of the fact that any error or neglect by the claimant in his performance could cause injury to himself, his fellow employees and to the employer's property, we agree with the Board that it was reasonable for this employer to direct the claimant to the dispensary so that an investigation could be made as to any actions which might raise a modicum of suspicion about his capabilities—physical, mental, or otherwise—and that it was unreasonable[4] for him to refuse to comply with the order three times.

Inasmuch, therefore, as a refusal of a reasonable directive constitutes willful misconduct, *Gane,* we will affirm the order of the Board.

---

[4] Our review of the record leads us to believe that this conclusion by the Board was based on facts determined without a capricious disregard of competent evidence. *See Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979).

ORDER

AND Now, this 10th day of September, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.