Arnold Bailey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Arnold Bailey,* petitioner, for himself.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 24, 1983:

This is an appeal by Arnold Bailey (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law, (Law),[1] the "willful misconduct" clause. We affirm.

Claimant was employed by the Arthur H. Thomas Co. (Employer) as a Senior Clerk. On February 9, 1981, Claimant arrived at work early and went to the office of a senior vice-president of Employer. Once there, he entered into a verbal altercation wherein he demanded that the vice-president summon two of Claimant's supervisors to the office and reprimand them for warning Claimant about his numerous absences for illness. Claimant felt the warning to have been unjustified in view of the fact that he had always adhered to Employer's procedures for reporting absences and had verified the necessity of his missing work with physicians' notes. The vice-president ig-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

nored Claimant's demands and cautioned him that if he persisted he would be dismissed. Claimant continued to press his demand and was fired. Unemployment compensation benefits were subsequently denied by a referee and the Board on the grounds that Claimant's persistence in pressing his demands, contrary to the vice-president's directions to cease and to leave the office and report to his work area, constituted disqualifying "willful misconduct."

The burden of establishing that an employee was discharged for "willful misconduct" such that will render him ineligible for unemployment compensation is on the employer. *Bignell v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Whether certain conduct constitutes "willful misconduct" under the Law is a question of law subject to this Court's review. *Nolan v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 186, 425 A.2d 1203 (1981). An employee's conduct will not be deemed to be disqualifying "willful misconduct" if there was good cause for his actions. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

Before this Court, Claimant's initial challenge to the Board's denial of benefits derives from the fact that the only witness present at the referee's hearing on behalf of Employer, James Moran of the personnel department, was not present when Claimant was discharged. Claimant therefore asserts that Mr. Moran's testimony was hearsay and either should not have been permitted or cannot support the referee's findings crucial to the denial of benefits. We disagree. At no time during the hearing in this matter did Claimant register an objection to the testimony of Mr. Moran. Unobjected to hearsay will be given its natural probative effect and can support the Board's findings where it is corroborated by competent record evidence.

*Connelly v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 335, 450 A.2d 245 (1982). A review of the record herein discloses that Claimant, in his own testimony, admitted to ignoring the vice-president's directives to cease arguing and to leave the office. Such an admission is competent corroborative evidence and the hearsay challenge must therefore be rejected. *Id.*

Claimant next contends that Employer failed to carry its burden of establishing "willful misconduct" on Claimant's part in that it was never shown that Claimant, in acting as he did, violated any rule. It is not always necessary, however, to find that a rule has been violated to establish "willful misconduct." An employee's refusal, without good cause, to obey the reasonable directive of his employer can also constitute "willful misconduct." *Jiminez v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 434, 417 A.2d 870 (1980). The directive to Claimant to stop arguing and to leave the office was reasonable, Claimant has failed to tender any good cause for his failure to do as directed and we thus must also reject this challenge to the Board's decision. *See Winnail v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 114, 375 A.2d 849 (1977).

Finally, Claimant argues that the incident herein occurred prior to Claimant's scheduled starting time and that Employer therefore had no right to control Claimant's actions nor to expect him to follow a directive. Such an argument ignores the fact that Claimant was on Employer's premises and that his conduct was clearly related to and connected with his work. Under circumstances such as these, Claimant's off-duty status fails to excuse his conduct. *Gallagher v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 344, 400 A.2d 926 (1979). Accordingly, we affirm the Board's denial of benefits.

## ORDER

Now, February 24, 1983, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-194641, dated April 24, 1981, is hereby affirmed.