Beacon Warehouse, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 31, 1983, to Judges BLATT, MacPHAIL and DOYLE, sitting as a panel of three.

*Charles M. Means, Markel, Schafer & Means,* for petitioner.

*James Norris,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, April 8, 1983:

This is an appeal by Beacon Warehouse, Inc. from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision awarding benefits to Kim C. Vetrone (Claimant).

Claimant was employed as a warehouseman/truck driver by Beacon Warehouse, Inc. (Beacon). On June 6, 1980, the Claimant was discharged for allegedly carrying an unauthorized passenger in his truck. The Office of Employment Security determined that Claimant was not ineligible for compensation benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). After a hearing, a referee affirmed the determination of eligi-

bility and on appeal to the Board was upheld. This appeal followed.

The referee's findings of fact read in full:

1. Claimant was last employed by Beacon Warehouse, Inc., as a Warehouse/Driver at $9.70 per hour, and his last day of work was June 5, 1980.

2. On June 5, 1980, claimant was working the 4:30 p.m. shift and making several runs between New Kensington and Pittsburgh.

3. On June 6, 1980, claimant was discharged because the employer was informed by an investigating agency that claimant was riding a passenger in the employer's vehicle during working hours.

4. Claimant maintains that he did not have a passenger with him on the date in question.

The decision of the Board of Review reads in full:

Appeal from Referee's decision filed by employer.

The Board of Review, in giving consideration to the entire record of the prior proceedings, including the testimony submitted at the Referee hearing(s), concludes that the determination made by the Referee is proper under the Unemployment Compensation Law and in accordance with the precedent rulings established in the interpretation thereof.

Therefore, the Board of Review enters the following order:

The decision of the Referee is affirmed.

It is impossible for this Court to review the action by the referee and the Board on these meager findings. At the hearing before the referee, the Claimant testified that he did not carry an unauthorized passenger as alleged. Beacon offered hearsay testimony that

private investigators had told an arbitrator, in a grievance proceeding concerning Claimant's discharge, that Claimant had carried an unauthorized passenger. While the result reached indicates that the referee found no willful misconduct on Claimant's part it is not at all clear whether the determination was based on a conclusion of law that carrying unauthorized passengers does not constitute willful misconduct, based on a conclusion that Beacon's proffered hearsay failed to carry its burden to prove willful misconduct,[1] or based on a factual determination that Claimant had not carried unauthorized passengers as alleged.

The referee's findings and discussion do nothing to illuminate the basis for his determination. The referee found only that "Claimant *maintains* that he did not have a passenger with him on the date in question." (Emphasis added.) We do not need to know what the parties *maintained* before the referee, but rather whether or not the referee found that Claimant was riding an unauthorized passenger. Without an adequate finding on this crucial issue, we must remand. *Curtis v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977).

## ORDER

Now, April 8, 1983, the decision and order of the Unemployment Compensation Board of Review, No. B-188855, dated October 21, 1980 is hereby reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

---

[1] No objection was raised at the hearing to Beacon's hearsay testimony. Unobjected to hearsay will be given its natural probative effect if corroborated by other competent evidence. *Connelly v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 635, 450 A.2d 245 (1982). The referee's decision may be based on the absence of corroboration for the hearsay.