Richard D. Stover, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Keystone Central School District, Invervenor.

Submitted on briefs May 12, 1983, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*James T. Rague,* with him *William A. Hebe, Spencer, Gleason & Hebe,* for petitioner.

*Donald L. Faulkner, Lugg, Snowiss, Steinberg & Faulkner,* for respondent.

Opinion by Judge Craig, June 28, 1983:

Claimant Richard D. Stover appeals a decision of the Unemployment Compensation Board of Review, which affirmed a referee's decision denying him benefits under section 402(e) of the Unemployment Compensation Law,[1] the willful misconduct disqualification.

The claimant, who had been employed as a truck driver for Keystone Central School District for over five years, was dismissed by the district on November 25, 1981, following an incident in which he allegedly ran his fingers through a female employee's hair. Apparently, the claimant had previously conducted himself in a similar manner, because on August 5, 1981, the superintendent of schools and the director of elementary education had warned him of his "overly friendly attitude" toward female students and female employees, and had advised him that failure to comply with their warning would lead to dismissal.[2]

The burden of establishing willful misconduct is on the employer. *MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974). Here, the evidence regarding the August 5, 1981 warning and the November 19, 1981 incident, upon which the referee relies to support his findings of fact and conclusions of law, is substantially in the form of hearsay evidence. However, hearsay evidence, which, as here, is not objected to, and is corroborated by other competent evidence, such as the claimant's admission that he "touched" the employee's hair, may be given its natural probative effect. *Palmer v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 388, 449 A.2d 126 (1982).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] Referee's Findings of Fact Nos. 2 and 3.

Furthermore, although the claimant's version of the November 19, 1981 incident differs from the referee's findings, which were based on the testimony of other employees, questions of credibility and evidentiary weight are for the referee and the board. *Id.*[3]

Finally, the claimant's behavior, although not equivalent to the conduct displayed in *Zuraw v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 548, 434 A.2d 1312 (1981) (employee's hugging and touching fellow female employees and removing his pants while alone with a female employee constituted willful misconduct), nevertheless evidences a "disregard of standards of behavior which an employer can rightfully expect from his employee," and, therefore must be considered willful misconduct.[4] *See Bender v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 405, 427 A.2d 1264 (1981) (employee who forcibly grabbed woman student denied benefits).

Accordingly, we affirm the decision of the board.

ORDER

Now, June 28, 1983, the order of the Unemployment Compensation Board of Review, decision No. B-204377, dated April 12, 1982, is affirmed.

---

[3] "It is now axiomatic in an unemployment compensation case that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977).

[4] *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973).