Raymond S. Strickhouser, Petitioner *v.* Commonwealth of Pennsylvania Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 16, 1983, to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

Mark David Frankel, Frankel & Gates, for petitioner.

Richard F. Faux, Associate Counsel, with him Richard L. Cole, Jr., Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, March 5, 1984:

Raymond S. Strickhouser (Claimant) appeals here from an order of the Unemployment Compensation Board of Review finding him to be disqualified from receiving benefits by the provisions of Section 402(e) of the Unemployment Compensation Law,[1] the willful misconduct provision. We affirm.

The Board in affirming the denial of benefits by a referee stated:

The claimant was discharged from his employment for committing an indecent act in the presence of female co-workers. Two female co-workers were teasing the claimant regarding the lack of hair on his body which prevented him from getting a perm. The claimant's actions in responding to this conversation by dropping his pants and revealing his hairline were insensitive and inappropriate. Such action is a disregard of the standard of behavior which the employer has the right to expect of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

an employe and constitutes willful misconduct in connection with his work. Accordingly, the claimant is ineligible for benefits under the provisions of Section 402(e) of the Law.

Claimant argues that his conduct was not sufficiently culpable to justify the ruling of ineligibility for benefits, since the girl to whom he exposed himself "thought it funny" and since this misconduct was in retaliation for mistreatment by her. We find unpersuasive the contention that the viewer should be the one to determine the seemliness of Claimant's conduct, since she had no responsibility to maintain order and decorum, whereas the supervisor, who had that authority, caused Claimant's discharge from his position.

Finding no merit in the Claimant's appeal, we will affirm.

ORDER

Now, March 5, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-201579, dated November 30, 1981, is affirmed.