# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathy S. Sibble,                          :
                    Petitioner            :
                                          :
        v.                                :   No. 1241 C.D. 2016
                                          :   Submitted: December 16, 2016
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                      **FILED: March 17, 2017**

        Kathy S. Sibble (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision and denied her unemployment compensation (UC) benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law) (relating to willful misconduct). Claimant contends that her negligent conduct did not rise to the level of willful misconduct. Discerning no error below, we affirm.

## I. Background

        Claimant worked for Trinity Services Group (Employer) as a full-time food supervisor earning $10.66 per hour. Claimant worked from December 7, 2011 through October 1, 2015, when Employer discharged her. Claimant applied

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

for UC benefits, which the local service center denied under Section 402(e) of the Law. Claimant appealed, and a referee held a hearing.

At the hearing, the referee heard testimony from Claimant, and Jack Musiol, Employer's Food Service Director at Butler County Prison (Director). Based on the evidence presented, the referee determined Claimant was ineligible for UC benefits under Section 402(e) of the Law, and affirmed the service center's decision.

Claimant appealed to the Board. The Board made the following findings.

On September 30, 2015, dinner for inmates at the prison included cake with peanut butter frosting. Employer informed Claimant that a new inmate arrived at the prison, and he had a peanut allergy. Therefore, Employer directed Claimant to serve the inmate fruit rather than the peanut butter frosted cake. Claimant served the peanut-allergic inmate the peanut butter frosted cake, notwithstanding Employer's directive. Bd. Op., 5/31/16, Findings of Fact (F.F.) Nos. 2-5.

The Board noted a conflict in the testimony. The employer's witness testified that prior to serving dinner there was a specific directive given to the Claimant to serve the inmate fruit rather than cake; however, the Claimant testified that she was unaware of the newly admitted inmate and his peanut allergy. The Board expressly resolved the conflict in favor of the Employer, finding its

2

testimony credible and discrediting the Claimant's contradicting testimony. Bd. Op. at 2.

Ultimately, the Board found Claimant did not present good cause for her failure to comply with Employer's reasonable directive. Id. The Board concluded Claimant was ineligible for benefits under Section 402(e) of the Law. Claimant's appeal to this Court followed.

## II. Issues

On appeal,[2] Claimant contends the Board's findings regarding her termination from employment are not supported by substantial evidence. Specifically, Claimant argues the reason for her termination does not constitute willful misconduct. Claimant maintains she did not disobey a direct order; rather, she made an honest mistake and did not deliberately give the peanut-allergic inmate peanut butter frosted cake. For these reasons, Claimant alleges her actions do not amount to willful misconduct.

The Board counters that although Claimant challenged the Board's findings of fact in her petition for review, she failed to develop such a challenge in her brief, and therefore, this Court should affirm the Board's adjudication. In the alternative, the Board argues its findings of fact are binding on appeal because they are supported by substantial evidence.

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

### III. Discussion

At the outset, the Board argues Claimant challenged the Board's findings of fact in her petition for review, but failed to develop such issues in her brief to this Court. Consequently, the Board asserts Claimant waived those arguments. Rapid Pallet v. Unemployment Comp. Bd. of Review, 707 A.2d 636 (Pa. Cmwlth.1998) (arguments not properly developed in a brief are waived).

Despite defects in Claimant's brief, we are able to discern her arguments; accordingly, we decline to deem them waived. See Woods v. Office of Open Records, 998 A.2d 665 (Pa. Cmwlth. 2010) (meaningful review possible when court able to discern arguments of a *pro se* appellant).

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in the evidence, witness credibility and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is substantial evidence to support the findings actually made. Id. Where substantial evidence supports the Board's findings, they are conclusive on appeal. Id. In addition, we must examine the testimony in the light most favorable to the party in whose favor the fact-finder ruled, giving that party the benefit of all logical and reasonable inferences from the testimony. Id.

Substantial evidence is such relevant evidence upon which a reasonable mind could base a conclusion. Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012). "The fact that [a party] may have

produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108–09 (Pa. Cmwlth. 1994).

Section 402(e) of the Law provides, "[a]n employe shall be ineligible for compensation for any week … [i]n which [her] employment is due to [her] discharge … from work for willful misconduct connected with [her] work…." 43 P.S. §802(e). "Willful misconduct" is "behavior evidencing a wanton or willful disregard of the employer's interest; a deliberate violation of the employer's work rules; a disregard of standards of behavior the employer can rightfully expect from its employee; [or], negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations." Dep't of Corr. v. Unemployment Comp. Bd. of Review, 943 A.2d 1011, 1015 (Pa. Cmwlth. 2008).

A failure to comply with an employer's reasonable directive can constitute willful misconduct. Klapec Trucking Co. v. Unemployment Comp. Bd. of Review, 503 A.2d 1122 (Pa. Cmwlth. 1986). The employer bears the burden of establishing the claimant failed to comply with its reasonable directive. Connelly v. Unemployment Comp. Bd. of Review, 450 A.2d 245, (Pa. Cmwlth. 1982). Then the burden shifts to the claimant to assert an affirmative defense, such as good cause for her inaction. Id.

Here, the Board found Employer directed Claimant to serve fruit to the new inmate who had a peanut allergy, rather than peanut butter frosted cake.

5

The Board found Claimant served the peanut-allergic inmate the peanut butter frosted cake, notwithstanding Employer's directive. The Board's findings regarding Claimant's willful misconduct are supported by substantial, competent evidence. In particular, Director testified he had a discussion with Claimant about a new inmate who arrived at the prison with a peanut allergy. Referee's Hr'g, 11/18/15, Notes of Testimony (N.T.) at 5-6. Director testified there were now two inmates with peanut allergies. Id. at 6. Director testified Claimant indicated to him that she understood the information regarding the two inmates and their peanut allergies. Id. at 8. Claimant indicated she would serve fruit to those inmates instead of frosted cake. Id. at 6.

Director further testified that when he arrived at work the next morning, he was notified by the medical department that an inmate was taken to the medical department with an allergic reaction to the peanut butter. Id. at 7. Director was told the inmate was one of the two inmates who had a peanut allergy.[3] Id.

---

[3] At the hearing, Claimant testified she understood what her responsibilities were regarding inmate diet sheets. Referee's Hr'g, 11/18/15, Notes of Testimony at 8. Claimant testified Employer fired her for gross negligence for serving cake with peanut butter frosting to an inmate who had a peanut allergy. N.T. at 5. Claimant testified she did not remember any discussion regarding the admission of a new inmate who had a peanut allergy. Id. at 8. Claimant testified that inmates with special dietary needs receive notations on diet sheets. Id. at 9. Claimant testified her responsibility is to check the diet sheets at "every meal." Id. Claimant testified she checked the diet sheets for the dinner meal for September 30, 2015, the meal containing peanut butter frosted cake. Id. at 9-10. Claimant testified that she missed the new inmate's name on the special diet sheet, which was "probably an oversight on my part." Id. at 8, 10. Claimant testified she did not know the prison admitted a new inmate with a peanut allergy. Id. at 5, 8, 10-12.

However, Claimant testified she did not question the reason for her termination. Id. at 10. Claimant further testified she did not question Director's testimony about the new

**(Footnote continued on next page…)**

Upon review, we conclude the Board's findings are supported by substantial, competent evidence. In turn, the Board's findings support the conclusion that Claimant committed willful misconduct by failing to follow Employer's reasonable directive not to serve peanut butter frosted cake to an inmate with a peanut allergy. Thus, we are satisfied the Board did not err in concluding Employer terminated Claimant for willful misconduct.

Claimant next argues she did not intentionally violate Employer's directive. She attaches Navickas v. Unemployment Compensation Board of Review, 787 A.2d 284 (Pa. 2001) (mere negligence does not constitute willful misconduct) to her brief. However, the decision in Navickas is not helpful here. That case did not involve the failure to follow a specific directive. Instead, it involved neglect by a recently-graduated nurse to carefully read a reference book on medication, resulting in a medication error.

Claimant's position during the hearing was that she did not remember a specific directive, and she just failed to read the inmate diet sheets carefully. However, this testimony was not accepted by the Board. Instead, the Board accepted the Director's testimony that Claimant was given a directive, with which

_____

**(continued…)**

inmate, nor did she ask to see, or offer into evidence, the diet sheet containing the names of the peanut allergy inmates of September 30, 2015. Id. at 10-11. In response to Claimant's termination from Employer, Claimant wrote, "I didn't realize [the new inmate] couldn't have peanut butter because of his allergy to peanuts and yes he was sent a slice of cake with peanut butter in the icing. Will check list better from now on." C.R., Item No. 4 at Ex. No. 8.

7

she failed to comply. There can be no doubt that the failure to follow an express directive involving inmate health without justification constitutes willful misconduct.

Claimant does not offer any justification for the failure to follow Director's instruction. Moreover, to the extent Claimant contends the Board erred in accepting Employer's evidence over her evidence, such credibility determinations are within the sole province of the Board and will not be disturbed on appeal. See Ductmate; Tapco, Inc.

Upon review, we conclude the Board's findings are supported by substantial, competent evidence. In turn, the Board's findings support the conclusion that Claimant did not present good cause for her failure to comply with Employer's reasonable directive. Thus we are satisfied the Board did not err in concluding Claimant's action rose to the level of willful misconduct. Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathy S. Sibble,     :
     Petitioner  :
          :
  v.       : No. 1241 C.D. 2016
          :
Unemployment Compensation :
Board of Review,    :
     Respondent :

## **O R D E R**

**AND NOW**, this 17th day of March, 2017, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

         _____
         ROBERT SIMPSON, Judge