Randall G. Bowers, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Antonio D. Pyle,* for appellant.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., June 8, 1979:

Claimant was employed as a laborer and drill press operator. The employer occupies four floors of a building, each floor with approximately 250 square feet and employs 70 employees. Claimant was discharged for spitting on the floor after he had been reprimanded and warned not to do so.

Not surprisingly the Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review, after a remand hearing, all denied benefits. We affirm.

The claimant presents two arguments. First, since the Company had rules for discipline, and not spitting on the floor was not one of them, it could not be willful misconduct to do so. Such is not the law. Under *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), one of the criteria for determining whether action of an employee is willful mis-

conduct, quite apart from violation of stated rules, is the disregard of the standards of behavior which an employer can rightfully expect from his employee. *See, Roebuck v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 491, 382 A.2d 482 (1978). This would be especially true of obviously unsanitary actions, such as spitting, particularly after being instructed not to repeat such a loathsome act.

Claimant's other argument, that due process required the Unemployment Compensation Board of Review to make additional findings if it has a remand hearing, is equally without merit. The entire record was reviewed and it supported the findings of the referee which were adopted. Such is all that is required.

Accordingly, we will enter the following

ORDER

AND Now, June 8, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-162087, dated July 31, 1978, denying benefits is affirmed.