Dorothy M. Schooley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DiSALLE, sitting as a panel of three.

*George R. Price, Jr.*, with him *Warren R. Baldys, Jr.*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 15, 1979:

Dorothy M. Schooley (claimant) has appealed to this Court from a decision of the Unemployment Compensation Board of Review (Board). The Board disallowed further appeal from a referee's denial of unemployment compensation payments to claimant based on a finding of willful misconduct under the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Prior to February 3, 1977, claimant was employed by Marathon Carey-McFall Company as a packer. On February 3, 1977, the claimant punched in the time cards of two fellow employees.[1] It was this event which the referee determined to be willful misconduct on the part of the claimant.

We have defined willful misconduct to include a disregard of standards of behavior which the employer

---

[1]The punching in of the time cards of two fellow employees was a violation of company policy. Claimant acknowledged that there was a notice on the bulletin board, near the time clock, stating that employees who punched in time cards for other employees would be discharged. However, claimant testified that the notice was covered up by other notices and announcements and that she was unaware of such a company policy. Accordingly, she contends that she cannot be guilty of a deliberate violation of company rules, since she was unaware of the rule violated. *See Century Apartments Inc. v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 485, 373 A.2d 1191 (1977). This issue is not controlling here since our ruling in the instant case is premised on claimant's conduct being deemed willful misconduct notwithstanding any applicability of company rules or posted notices of company policy on the subject of punching time cards of fellow employees.

has a right to expect of its employees. *Lee v. Temple University (Personnel)*, 26 Pa. Commonwealth Ct. 156, 363 A.2d 890 (1976). A single incident, if sufficiently serious, may warrant a conclusion of willful misconduct. *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977).

We deem this to be a close case. It may well seem that claimant's conduct was no more than a friendly and considerate favor to her coworkers without any harm or prejudice to her employer, yet such conduct amounted to a disregard of behavior which an employer has a right to expect of an employee. An employer purchases and installs a time clock for the purpose of recording information as to the time of employees' presence on the employer's premises. Although in the instant case the desired information was recorded as accurately as though each employee had inserted her own card in the time clock, it must be remembered that the approval of a practice of allowing one employee to punch in and out for fellow employees would totally defeat the purpose of a time clock. We do conclude that the claimant did realize or should have realized that exercising control over the time cards of others was not within her prerogatives as an employee and not in the employer's interest. Such conduct must be viewed as a disregard of the standard of behavior which the employer had a right to expect of claimant and accordingly constituted willful misconduct.

ORDER

AND Now, this 15th day of June, 1979, the order of the Unemployment Compensation Board of Review, disallowing further appeal to Dorothy M. Schooley from a referee's decision denying her unemployment compensation benefits, is hereby affirmed.