Debra Sommers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 21, 1980, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Richard L. Jacobs,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General for respondent.

OPINION BY JUDGE PALLADINO, January 23, 1981:

This is an appeal by Debra Sommers (claimant) from an order of the Unemployment Compensation Board of Review (Board), which reversed the referee and denied benefits to claimant pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct). We affirm the Board.

Claimant was employed in the shoe department of Hills Department Store (Hills) for approximately one month prior to her discharge. On December 13, 1978, claimant was observed by her supervisor while wearing an unpurchased pair of boots belonging to Hills. An investigation ensued resulting in claimant's discharge for the unauthorized wearing of unpurchased merchandise.

The Board made the following pertinent findings of fact:

2. The employer's rules and regulations provided in part that employes were prohibited from unauthorized wearing of any unpurchased merchandise or unauthorized use of any stock merchandise, and that violation of this rule would usually result in disciplinary discharge.

3. The claimant was not aware of this rule prohibiting unauthorized wearing or use of company merchandise.

4. On December 13, 1978, the claimant wore an unpurchased pair of boots while at work, which boots were obtained by her from the employer's shoe department.

5. When first confronted by store management concerning the boots, the claimant denied that the boots belonged to the employer.

6. The claimant subsequently admitted wearing the boots owned by her employer, and not paying for them.

7. The claimant was discharged for unauthorized wearing of the unpurchased boots.

Based on the above findings, the Board reversed the referee concluding that " the claimant should have known that wearing a pair of unpurchased boots . . . was an act contrary to the best interests of her employer, and an act well below the standards of behavior that her employer had the right to expect from her."

Whether conduct resulting in the discharge of an employee constitutes willful misconduct under the Act is a question of law subject to this Court's judicial review. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 305, 405 A.2d 1387 (1979). While the Act does not define the term "willful misconduct," it is undisputed that numerous decisions of this Court have defined it as:

(1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

The claimant contends that her conduct was a de minimis violation of the interests of her employer and, as such, did not amount to willful misconduct. *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A.2d 297 (1972). We must disagree with claimant.

In *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977), an employee of Gimbels was discharged for removing merchandise from the store without first having it checked out at the service desk as required by a company rule. This Court refused to accept the employee's contention that such conduct was de minimis and denied compensation benefits. In so doing, the Court said that the real purpose of the store rule was "to facilitate both the detection and deterrence of pilfering by employees." *Id.* at 428, 376 A.2d at 316.

In this case, we feel that the claimant's conduct was indicative of an even greater disregard of her employer's best interests because the rule was designed to assure customers that all goods for sale were unused and of the highest quality, as well as to discourage employees from stealing the store's merchandise.

Claimant also maintains that Hills had no right to expect that she would not wear company merchandise because other co-workers had done it in the past with no disciplinary action being taken against them. We are well aware that a finding of willful misconduct cannot be upheld where the employer has applied different standards of behavior to different employees. *Woodson v. Unemployment Compensation Board of Review*, 461 Pa. 439, 336 A.2d 867 (1975). However, we can find no evidence whatsoever in the record to

support claimant's contention that Hills was guilty of applying a double standard of behavior to its employees. While it is true that the claimant testified that she had seen a co-worker wear unpurchased shoes, both the referee and the Board failed to find that Hills had knowledge of any prior violations of the rule in question.

Considering all the circumstances, we agree with the Board that the claimant should have known that wearing unpurchased boots was contrary to a standard of employee behavior which Hills had a right to expect from all employees. See *Bowers v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 300, 402 A.2d 308 (1979); and *Schooley v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 383, 402 A.2d 1109 (1979).

Accordingly, we will enter the following

ORDER

AND Now, January 23, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-170629, dated March 29, 1979, denying benefits is affirmed.