Patrick V. Nolan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Michael Goldberg*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Richard Wagner*, Chief Council, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 27, 1981:

The claimant[1] appeals from an order of the Unemployment Compensation Board of Review (Board)

---

[1] Patrick V. Nolan.

which found him to be ineligible for unemployment compensation benefits because he had been discharged from employment for willful misconduct.[2]

The claimant had been employed as an electrician by Lukens Steel Company (employer) since 1967 when, on October 23, 1978, he was discharged for falsifying his employment records so as to be placed in a higher pay bracket. The claimant's conduct stemmed from a long-standing dispute with his employer over what the claimant considered to be the employer's discrimination against handicapped employees.

The claimant was injured at work in 1972 resulting in the loss of one eye, impaired vision in the other eye, and partial disability of his right arm. After a two-year convalescence, he returned to work and soon became engaged in a series of disagreements as to whether or not he would advance beyond his existing job classification. In 1975, he requested to take the employer's test for advancement but the employer refused because of the claimant's handicap. The claimant then initiated a grievance under his union's collective bargaining agreement, and the grievance was resolved in his favor. When he took the test, however, he failed. After waiting the required time he requested to take the test again, and was again refused. He once again prevailed in the grievance procedure, took and passed the written portion of the test in September of 1978, but he was informed that the employer did not consider him qualified for the higher job classification due to his handicap, which the employer maintained was a relevant consideration for the claimant's advancement. The claimant filed yet another grievance to attain a higher job classification, meanwhile, intentionally falsifying his job classification on

2 Pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

his daily manpower production report, thereby receiving $19.95 in pay to which he was not entitled. When the employer became aware of the record falsification, the claimant was discharged. The claimant admits and the Board found that this falsification of records was intentional. After his discharge the claimant filed a complaint with the U. S. Department of Labor alleging that the employer had violated his rights under Section 793 of the Rehabilitation Act of 1973, 29 U.S.C. §793. It is unclear what success, if any, he met in that litigation. Also following his discharge, he filed another grievance seeking reinstatement, and after arbitration, he was reinstated without back pay.

The claimant had applied for unemployment benefits immediately after his discharge, and the Office of Employment Security had determined that he was ineligible for benefits because the falsification of records constituted willful misconduct. A referee affirmed the denial of benefits after a hearing before him, and, on appeal to the Board, additional evidence was taken, but the Board affirmed the referee's finding of willful misconduct. The claimant contends that what he did could not amount to willful misconduct because it was not done with evil design or wrongful intent and because the employer's allegedly discriminatory refusal to promote him amounted to good cause for his conduct.

Whether or not an employee's actions amount to willful misconduct is a question of law subject to review by this Court. *Mt. Lebanon School District v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 539, 409 A.2d 1205 (1980), and we have held that willful misconduct is conduct that evidences: "(1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his em-

ployee, or (4) negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973). We have never held that willful misconduct requires a showing of actual malice by the employee towards the employer. To the contrary, all that is required is an indication of conscious wrongdoing or negligence in such degree or recurrence as to manifest culpability. *MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974).

There is no controversy here concerning the deliberate nature of the claimant's conduct. We must, therefore, follow our consistent line of decisions and hold that the deliberate falsification of employment records constitutes a conscious disregard of standards of behavior which an employer has the right to expect from his employees. *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979); *Dunlap v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 474, 366 A.2d 618 (1976); *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974).

The concept of a good cause justification for conduct which would otherwise constitute willful misconduct is based on the rationale that, where the action of the employee is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct because it cannot properly be considered a disregard of rules or standards of conduct which the employer has the right to expect to be obeyed. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976); *Unemployment Compen-*

*sation Board of Review v. Iacano,* 30 Pa. Commonwealth Ct. 51, 357 A.2d 239 (1976). In the present case, the employer's rule against falsifying records was, clearly, a reasonable rule. And even when an employer has been charged with discriminatory employment practices, we believe that the employer nevertheless has the right to expect that its employees will not resort to surreptitious self-help by violating a reasonable rule against the falsification of employment records.

The claimant argues further that, because at least three other employees had falsified their manpower production reports and were not discharged, the employer arbitrarily applied its rule against the falsification of records only to the claimant, and he correctly points out that, when an employer's rule is applied to different groups of persons in a discriminatory fashion, the rule cannot be used as the standard for evaluating whether or not the conduct of the group discriminated against constituted willful misconduct. *Woodson v. Unemployment Compensation Board of Review,* 461 Pa. 439, 336 A.2d 867 (1975). We do not believe, however, that this *Woodson* principle is applicable here, because the record reveals that the other employees who allegedly falsified their records did so unintentionally, and such unintentional, de minimis incidents of misconduct do not constitute willful misconduct. *Miller v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980); *Williams v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). On the other hand, an intentional act of misconduct, even if it has only small adverse impact on the employer, does constitute willful misconduct. *Schooley v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 383, 402 A.2d 1109 (1979).

192

We must hold that the claimant's conduct constituted willful misconduct as a matter of law and we will affirm the Board's denial of benefits.

ORDER

AND Now, this 27th day of February, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.