William Harmon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 1, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Joel Cavicchia,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 28, 1982:

William Harmon appeals from an order of the Unemployment Compensation Board of Review declaring him ineligible for benefits by reason of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The claimant was employed as an actor-technician by the Society Hill Playhouse. As part of his duties, the claimant frequently used the employer's motor vehicles and filled them with gasoline, charging this gasoline on a credit card. While this credit card was in the name of the employer's managing director's husband, it was routinely used by employees to purchase gasoline for the employer's vehicles. On January 25, 1980, the claimant used this credit card, without authorization, for the purpose of purchasing $15 worth of gasoline for his personal car. The claimant failed to inform his employer of this purchase and it was not discovered by the employer until February 16, 1980 when the bill was received for the credit card charges. On February 18, 1980, the claimant resigned when faced with the employer's quit-or-be-fired ultimatum. The claimant at the referee's hearing explained that he neglected to tell his supervisor about his purchase of the gasoline because the supervisor was not in the office when he returned to his place of work and that the purchase "slipped his mind" until he was later confronted by his supervisor with the unauthorized charge. The claimant does not contend that he had used his per-

sonal car for business purposes and that he was therefore entitled to purchase this gasoline.

Questions of credibility and the weight to be given the evidence are for the determination of the Board. *Unemployment Compensation Board of Review v. Houp*, 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975). Therefore, we cannot set aside the Board's disbelief of the claimant's contention that his possession and use of the credit card was entirely innocent or its conclusion that his conduct was willful misconduct.

The claimant contends that the Board erred in finding he misused the employer's credit card because the card was owned by the employer's managing director's husband and that therefore, he did not fail in a duty owed to his employer. The managing director testified that the credit card was routinely used for the employer's business, that she retains possession of it and that it is given to employees when they request it to get gasoline for the employer's vehicles. While there is no evidence that the managing director's husband was reimbursed by the Playhouse it is nevertheless a fair inference that the card, where used for Playhouse purposes, was Playhouse property.

Finally, the claimant argues that his actions cannot be characterized as willful misconduct since it has not been shown that he violated a written or oral rule prohibiting him from using the credit card for his personal use. An act disregardful of the standards of behavior which an employer rightfully expects from an employee may be found to be willful misconduct; surely no employer rule that employer property may not be converted to employee use is required. *Bowers v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 300, 402 A.2d 308 (1979).

Order affirmed.

ORDER

AND NOW, on this 28th day of April, 1982, the order of the Unemployment Compensation Board of Review is affirmed.

This decision was reached prior to the resignation of Judge MENCER.