Carstell PITTS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 84–1222.

District of Columbia Court of Appeals.

Submitted Aug. 6, 1985.

Decided Aug. 6, 1985.*

Carstell Pitts, pro se.

Michael A. Milwee, Washington, D.C., for respondent.

Before NEWMAN, TERRY and ROG-ERS, Associate Judges.

* The decision in this case was originally released as a Memorandum Opinion and Judgment.

This opinion is now being published by direction of the court.

**PER CURIAM:**

Petitioner, pro se, seeks review of the decision of the Appeals Examiner dated March 31, 1984 and the final decision of the Office of Appeals and Review of the Department of Employment Services dated August 27, 1984. He states no grounds for requesting this court to reverse the decisions and to award him all of the unemployment benefits which he claims are due to him as a matter of law. In his opposition to an extension of time for respondent to file the record, petitioner states that he has been returned to his job and thinks he is entitled to receive his unemployment benefits during removal from his duties.

Petitioner was discharged for misconduct, D.C.Code § 46–111(b) (1984 Supp.): for making false statements to his employer in the course of filing a claim for an alleged occupational injury. We find no error in the determination that petitioner was properly charged for misconduct within the meaning of the statute, and hold that substantial evidence exists to support the final decision of the agency. Accordingly, we affirm.

The evidence before the agency showed that petitioner had filed a claim on August 19, 1983, seeking continuation of pay because of an on-the-job injury allegedly suffered on August 16, 1983. His supervisor had reported that petitioner sought to go home on sick leave on August 18, 1983, but stayed on the job when he was advised that medical evidence would be required. The claim for disability was filed the next day. An affidavit from petitioner's supervisor stated that petitioner had made no claim of injury on August 16 and was observed walking normally on the following two days, and further, that appellant's reason for seeking to go home on August 18 was a stomach problem. The evidence included a statement by petitioner dated September 20, 1983, requesting to withdraw his claim for disability pay and asserting that his knee problems were non-occupational. A statement from petitioner's physician, dated August 14, 1983, showed a diagnosis of arthritis in the right knee but petitioner was released for work on August 15, 1983.

At the appeal hearing petitioner submitted two medical statements: the first, dated November 14, 1983, indicated he would be undergoing surgery on his knee on November 16, 1983, and unable to work for six to eight weeks; the second, dated February 2, 1984, indicated that he was to be in a limited duty status until at least March 15, 1984. Evidence was presented by the employer's medical officer that she found no "objective findings, of external trauma" when petitioner was examined on August 19, 1983, and opined that the arthritic condition diagnosed by petitioner's physician could not have been caused by the alleged injury on August 16, 1983. Petitioner did not deny that he had filed the August 19 claim, and testified that his real problem was torn ligaments, not arthritis.

■ The filing of a false disability claim is misconduct within the meaning of D.C.Code § 46–111(b). *Oullette v. Employment Division,* 34 Or.App. 591, 579 P.2d 301, 302–303 (1978) (reversed and remanded on other grounds); *Sain v. Labor and Industrial Relations Commission,* 564 S.W.2d 59 (Mo.1978). The evidence in the record indicates that petitioner continued to claim that he had filed a proper claim for disability until he was contacted by his employer. Thereafter, he decided that his knee pain was not occupational in origin. A reasonable inference from the timing of the withdrawal is that petitioner sought to have his employer pay for his non-job related medical problems.

■ Petitioner's re-employment by the same employer does not require reversal of the agency decision. *Schock v. Board of Review, Department of Labor and Industry,* 89 N.J.Super. 118, 123–125, 214 A.2d 40, 43 (N.J.1965), *aff'd,* 48 N.J. 121, 223 A.2d 633 (1966). The record does not indicate that the re-employment constituted approval or condonation by the employer of the false disability claim. The act of dishonesty by appellant is misconduct even in

the absence of an employer rule such as the one cited in his employer's letter to him.[1] *Harmon v. Commonwealth Unemployment Compensation Board,* 66 Pa. Commw. 320, 444 A.2d 806 (1982).

The agency decision is supported by substantial evidence on the record considered as a whole. *Washington Post Co. v. District Unemployment Compensation Board,* 377 A.2d 436, 439 (D.C.1977); *Wallace v. District of Columbia Unemployment Compensation Board,* 294 A.2d 177, 180 (D.C.1972); *D.C.Code* § 1–1510(a)(3)(E) (1981). Petitioner was off from work from August 4–15, 1983, for a non-work related injury, which was diagnosed by his physician as arthritis in the knee. He filed a disability claim on August 19, alleging the occurrence of a work injury to the same arthritic knee on August 16, 1983. Petitioner did not submit evidence to contest the employer's medical evidence nor impeach the employer's other evidence that petitioner could not have suffered the type of injury which he claimed had occurred on August 16, 1983. Two of the medical statements submitted by petitioner were unrelated to the period in August or September 1983 when he filed and subsequently withdrew the claim; a third, dated August 7, 1984, referring to a misdiagnosis of arthritis on August 4, 1983, and stating that the tear in the anterior portion of the medical meniscus could have been caused by the alleged incident on August 16, was not before the appeals examiner and consequently is not part of the record before us. *Bowen v. District of Columbia Department of Employment Services,* 486 A.2d 694 (D.C.1985).

Accordingly, the final decision of the D.C. Department of Employment Services is affirmed.

*Affirmed.*

1. The letter of October 26, 1983, from petitioner's employer, the U.S. Postal Service, stated that petitioner's actions were considered to be in violation of Part 66.2 of the Employee and Labor Relations Manual.