IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dr. Tom Green and Associates, P.C.,    :
                Petitioner    :
                                :    No.  2377 C.D. 2014
               v.    :
                                :    Submitted:  June 19, 2015
Unemployment Compensation    :
Board of Review,    :
                Respondent    :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED:  August 27, 2015


        Dr. Tom Green & Associates, P.C., (Employer) petitions for review of the November 21, 2014 order of the Unemployment Compensation Board of Review which affirmed a referee's determination and held that Mary Jane Vasko (Claimant) was not ineligible for benefits under section 402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

        Claimant was employed by Employer as a dental assistant and worked part-time from April 1, 2014, until she was discharged on May 27, 2014.  (Board's Finding of Fact No. 1.)  The local service center determined that Claimant was not

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §802(e).  Section 402(e) provides than an employee shall be ineligible for compensation for any week in which her unemployment is due to her discharge or temporary suspension from work for willful misconduct connected with her work.

ineligible for benefits under section 402(e) of the Law. Employer appealed, and a referee held a hearing at which both Claimant and Dr. Tom Green participated *pro se* and provided conflicting narrative accounts of the events leading to Claimant's discharge.

The referee found that Claimant did not deliberately violate any of Employer's rules or policies and affirmed the local service center's determination. Employer appealed to the Board, which specifically credited Claimant's testimony and affirmed the referee's decision.

The Board issued the following findings of fact:

2. Before the claimant actually began working, she informed the employer that she needed a particular day off because of a doctor's appointment for her son. The employer told the claimant he would not schedule her for that day.

3. There were many instances when the claimant would make the employer aware of a personal situation she was having and would let him know she was still available to work albeit she might be late.

4. Each time, the employer would tell the claimant not to come in and to take the day off.

5. Prior to working for the employer, the claimant worked for three years at another dentist's office and was used to performing procedures a certain way.

6. During that three-year period, the claimant took impressions, set crowns and packaged them by herself without complaints from patients.

7. The claimant had never used the type of impressions machine the employer had in his office.

8. Instead of allowing the claimant to practice, the employer made her use the machine as soon as a patient came in. The

2

claimant did not properly use the machine based on a lack of training.

9. The claimant was shown how to clean instruments, but never told which soap to use.

10. The claimant allegedly left debris on instruments after cleaning, but she was never made aware of it until she was terminated.

11. The claimant was not the only employee in the office that cleaned instruments.

12. The claimant did not deliberately violate the employer's rules but attributed it to force of habit from her previous employer which she was working to break.

13. One day, another employee left early, leaving the claimant responsible to perform tasks she was not used to performing and not trained to do.

14. The claimant was not properly trained how to clean instruments or use the impression machine.

15. Patients that came in complaining about poor dental work had the work performed a month before the claimant started working for the employer.

16. The employer complained about the claimant's phone going off.

17. The claimant's phone alarm would only go off around the lunch hour and before patients were present to alert her as to how much time she had to run errands during lunch.

18. On May 27, 2014, the employer terminated the claimant for insubordination because she allegedly would go against his wishes of what he wanted her to do.

(Board's decision at 1-2.)

Based upon the above findings, citing Claimant's credible testimony and its consideration of Employer's brief, the Board found that Claimant's actions did not

3

rise to the level of willful misconduct. The Board affirmed the referee's decision and held that Claimant was not ineligible for benefits under section 402(e) of the Law. The Board denied Employer's request for reconsideration.

On appeal to this Court,[2] Employer argues that the Board's decision is not supported by substantial evidence, disregards the evidence of record, and is contrary to Pennsylvania law. We disagree.

While the Law does not define the term willful misconduct, our courts have defined it as including: wanton or willful disregard for an employer's interests; deliberate violation of an employer's rules; disregard for standards of behavior which an employer can rightfully expect of an employee; or negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Navickas v. Unemployment Compensation Board of Review*, 787 A.2d 284, 288 (Pa. 2001). In this case, Employer asserts that Claimant violated several work rules and was willfully disobedient.

An employer contesting a claimant's right to benefits pursuant to section 402(e) bears the burden of proving willful misconduct. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). If the employer satisfies its initial burden, the burden then shifts to the employee to demonstrate good cause for her actions. *Id.* A claimant establishes good cause by demonstrating that her actions were justified or reasonable under the circumstances. *Roberts v. Unemployment Compensation Board of Review*, 977 A.2d 12, 16 (Pa. Cmwlth. 2009). Whether or not an employee's actions amount to willful misconduct

---

[2] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 n.4 (Pa. Cmwlth. 2010).

is a question of law subject to review by this Court. *Nolan v. Unemployment Compensation Board of Review*, 425 A.2d 1203, 1205 (Pa. Cmwlth. 1981).

Employer first notes, correctly, that the Board's Finding of Fact No. 1 states that Claimant worked 40-45 hours a week for Employer, whereas the record reflects that she only worked part-time. Because this finding is not material to the Board's determination of willful misconduct, we conclude that this statement is harmless error.

Employer also challenges the Board's Findings of Fact Nos. 7, 8, 9, 10, 12, 14, 15, and 17. As support for each of those challenges, Employer cites the testimony of Dr. Green that he specifically told Claimant how to clean instruments, how to mix impression materials for crowns, and to turn her cell phone off during work hours, and that Claimant did not follow his instructions. (R.R. at 5a-6a.) Employer also cites a June 14, 2014 letter from Dr. Green requesting an appeal from the local service center's determination. (R.R. at 14a-18a.)

However, the Board accepted Claimant's contrary testimony as credible. According to Claimant, she had previously worked for three years for another dentist taking impressions and setting crowns and never had a problem with a patient. Claimant said that Employer's equipment was different from what she had used before and that Employer did not give her any training or practice. With respect to cleaning the equipment, Claimant testified that a coworker showed her how to clean the instruments but never told her which soap to use. Claimant added that she was not the only employee who cleaned the instrument trays and she was not informed of any problem with debris on the instruments until she was discharged. Claimant also explained that she used her cell phone as an alarm during her lunch hour and that she

5

sometimes forgot to turn the alarm off when she returned from lunch. (R.R. at 7a-8a; Board's Findings of Fact Nos. 5-11, 17.)

We conclude that Claimant's credible testimony constitutes substantial evidence to support the Board's findings that she was not properly trained by Employer to perform certain dental procedures and that she did not deliberately violate Employer's rules, but was used to performing procedures a certain way based on her years of experience with a prior employer.

In unemployment compensation proceedings, the Board is the ultimate fact-finder, empowered to determine the credibility of witnesses and resolve conflicts in evidence; the Board's findings are conclusive on appeal where they are supported by substantial evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). In this case, the Board resolved conflicts in testimony in Claimant's favor, and the testimony accepted by the Board constitutes substantial evidence supporting the Board's findings. Those findings in turn support the Board's conclusion that Claimant's actions did not constitute willful misconduct.[3]

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[3] Employer's second argument, that the Board erred in concluding that the evidence of record did not satisfy Employer's burden to prove willful misconduct, also relies on Employer's preferred version of the facts rather than those found by the Board.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dr. Tom Green and Associates, P.C., :
               Petitioner :
 :  No.  2377 C.D. 2014
           v. :
 :
Unemployment Compensation :
Board of Review, :
             Respondent :

## *ORDER*

AND NOW, this 27th day of August, 2015, the order of the Unemployment Compensation Board of Review, dated November 21, 2014, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge