IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Margaret Peoples,                    :
                                     :
                    Petitioner       :
                                     :
            v.                       : 829 C.D. 2017
                                     : Submitted: February 6, 2018
Unemployment Compensation            :
Board of Review,                     :
                                     :
                    Respondent       :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: March 2, 2018


            Margaret Peoples (Claimant) petitions for review of the May 19, 2017
order of the Unemployment Compensation Board of Review (Board) which affirmed
a referee's decision and held that Claimant is ineligible for benefits under Section
402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

            Claimant was employed by Ross Market, LLC, a/k/a Shop N Save
(Employer) as a part-time deli worker from October 2013 to December 5, 2016.  Her
duties included preparing and cooking hot foods sold by Employer.  On December

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S.
§802(e).  Section 402(e) provides that an employee shall be ineligible for compensation for any
week in which her unemployment is due to her discharge or temporary suspension from work for
willful misconduct connected with her work.

6, 2016, Employer discharged Claimant for consuming food without paying for it. The local service center determined that Claimant was ineligible for benefits under Section 402(e) of the Law because she was discharged for dishonesty. Claimant appealed, and a referee held a hearing on February 13, 2017.

John Dougherty, Employer's head manager, testified that Employer's policies are set forth in Employer's handbook, which is given to all new employees. Dougherty stated that Employer's food consumption policy specifically prohibits employees from eating food on the premises without first paying for it at a register. He added that Employer's policy governing theft of company property expressly includes consuming food without first purchasing it and states that the associated discipline is discharge.[2]

Dougherty testified that on December 5, 2016, he observed Claimant for several minutes eating French fries in the back kitchen. He said that when he asked Claimant what she was doing, she replied that she was sampling the food before she sold it to customers. Dougherty stated that he subsequently reviewed footage from Employer's surveillance cameras and saw Claimant eating chicken wings without paying for them on at least one prior occasion. He testified that the decision to terminate Claimant's employment was made by Employer's former head manager. On cross-examination, Dougherty testified that Employer discharged at least four deli clerks for the same misconduct, before and after Claimant's period of employment.

---

[2] Dougherty offered two highlighted pages as evidence of Employer's policies. Employer Ex.1. Claimant's counsel objected to the admission of the pages, noting that they were not a complete copy of Employer's handbook. In response to the referee's questions, Dougherty testified that he personally removed the two pages from a copy of Employer's handbook and would supply the entire handbook if requested. The referee noted Claimant's ongoing objection but overruled it.

Melissa Gross, Employer's front-end manager, testified that she is responsible for paperwork completed by newly hired employees. She stated that Claimant received Employer's handbook and signed an acknowledgement form. Gross confirmed that the two pages Dougherty submitted were pulled directly from Employer's handbook. Gross testified that she also viewed the surveillance film and saw Claimant taking pepperoni and cheese out of the deli case.

Claimant acknowledged that she received an employee handbook, but she testified that Employer had no written policy regarding tasting or sampling the food. Claimant explained that she tasted the food so she could respond to questions from customers. She said she had never received training or direction forbidding employees' consumption of food and that employees in the deli department had always sampled the food. According to Claimant, other deli clerks sampled the food and they were not disciplined in any way.

The referee credited the testimony of Employer's witnesses and found that: the food consumption and theft provisions of Employer's policy prohibit employees from consuming food without first paying for it; the policy was in the handbook that is given to all new employees; Claimant was or should have been aware of Employer's policy; and Claimant was discharged for consuming food without paying for it, in violation of Employer's policy. Findings of Fact Nos. 2 - 12. The referee concluded that Employer met its burden to prove that Claimant was discharged for willful misconduct.

Noting Claimant's admission that she ate various prepared foods without paying for it, and rejecting Claimant's testimony that she did so to benefit Employer's customers, the referee concluded that Claimant failed to demonstrate good cause for her conduct. Accordingly, the referee affirmed the local service

center's determination that Claimant is ineligible for benefits under Section 402(e) of the Law.

Claimant appealed to the Board, which affirmed the referee's decision, adopting the referee's findings of fact and conclusions of law. Claimant now appeals to this Court.[3]

Initially we note that while the Law does not define the term willful misconduct, our courts have defined it as including: a wanton or willful disregard for an employer's interests; a deliberate violation of an employer's rules; a disregard for standards of behavior which an employer can rightfully expect of an employee; or negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Navickas v. Unemployment Compensation Board of Review*, 787 A.2d 284, 288 (Pa. 2001).

An employer contesting a claimant's right to benefits pursuant to Section 402(e) bears the burden of proving willful misconduct. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). Where an employer asserts a violation of its rules or policy as willful misconduct, the employer must establish the existence of a reasonable rule or policy and the fact of its violation. *Lausch v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). If the employer satisfies its initial burden, the burden then shifts to the claimant to demonstrate good cause for her actions. *Id.* A claimant establishes good cause by demonstrating that her actions were justified or reasonable under the circumstances. *Roberts v. Unemployment*

---

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 n.4 (Pa. Cmwlth. 2010).

*Compensation Board of Review*, 977 A.2d 12, 16 (Pa. Cmwlth. 2009). Whether or not an employee's actions amount to willful misconduct is a question of law subject to review by this Court. *Noland v. Unemployment Compensation Board of Review*, 425 A.2d 1203, 1205 (Pa. Cmwlth. 1981).

Claimant argues that Employer did not prove the existence of its work rule by competent evidence.[4] Specifically, Claimant asserts that the two pages Employer submitted into evidence do not constitute adequate proof of the contents of Employer's handbook or that Employer provided a handbook containing those provisions to Claimant. However, both Dougherty and Gross testified that Employer has policies prohibiting the consumption of food that has not been paid for; those policies are included in the handbook given to all new employees; and the pages submitted into evidence were taken from a copy of Employer's handbook. Their testimony was credited by the Board and constitutes substantial competent evidence to establish the existence of Employer's policy, the relevant contents of Employer's handbook, and Claimant's receipt of the handbook. Insofar as Claimant relies on Rule 1002 of the Pennsylvania Rules of Evidence, commonly known as the "Best Evidence Rule," to support her contentions, it is well settled that the Pennsylvania Rules of Evidence are not applicable to hearings conducted before a referee. Section 505 of the Law, 43 P.S. §825; Section 505 of the Administrative Agency Law, 2 Pa. C.S. §505; *Rue v. K-Mart Corp.*, 713 A.2d 82, 86 (Pa. 1998); *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 610 n.8 (Pa. Cmwlth. 2011).

Claimant also asserts that the Board erred in determining that her conduct was willful. Claimant characterizes her conduct as "a sampling of food for

---

[4] We have revised the order of Claimant's arguments.

5

customers' benefit" and "a single incident of negligence." Claimant's brief at 7. However, in making this argument, Claimant relies on testimony that was expressly rejected by the Board.

In unemployment compensation proceedings, the Board is the ultimate fact-finder, empowered to determine the credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). Because determinations of witness credibility and the resolution of evidentiary conflicts are within the discretion of the Board, they are not subject to re-evaluation on judicial review. *Bell v. Unemployment Compensation Board of Review*, 921 A.2d 23, 26 n.4 (Pa. Cmwlth. 2007). Because the Board's credibility determinations may not be disturbed on appeal, Claimant's contentions that her conduct was merely negligent necessarily fail. *Id.* For the same reasons, we reject Claimant's argument that she established good cause for her conduct, which also relies on her preferred version of the facts.

After careful review, we conclude that the testimony credited by the Board constitutes substantial evidence that supports the Board's findings. Those findings, in turn, support the Board's conclusion that Claimant was discharged for willful misconduct.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Margaret Peoples,           :
:
           Petitioner  :
:
         v.        :  829 C.D. 2017
:
Unemployment Compensation  :
Board of Review,        :
:
        Respondent :

## O R D E R

AND NOW, this 2nd day of March, 2018, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge